# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:                                      Case No. 16-31149
                                            Chapter 13
Shawn Patrick McDonough                     Hon. Daniel S. Opperman
Kristina Early McDonough

    Debtor.
_____/

## CORRECTED EX-PARTE
## STIPULATION AND ORDER FOR LOAN MODIFICATION
## WITH FAY SERVICING AND FOR CHAPTER 13 TRUSTEE TO MAKE
## THE PAYMENTS

THIS MATTER COMES before the Court upon the Stipulation of the Debtors, their attorney, George E. Jacobs and the Chapter 13 Trustee. This Stipulation is brought on and exparte basis. Prior notice has not been provided to interested parties because the delay cause by the notice may cause irreparable harm. The debtors have been offered a trial loan modification of their current mortgage. The Trustee believes that the proposed modification is in the best interest of all creditors, and due to time constraints imposed by the terms of the modification, believes that the request for relief is appropriate for consideration without prior notice to interested parties.

**WHEREFORE the Trustee and Debtor hereby stipulate as follows:**

**IT IS ORDERED** the parties and terms of the proposed modification include:

    Mortgage Creditor/Servicer:    Fay Servicing
    Borrower Name(s):    Shawn & Kristina McDonough
    Property Address:    1891 W. Cohoctah 374, Cohoctah, MI 48816
    Mortgage Account No:    61661
    Proposed Modified Trial Payment:    Trial Payments in the amount of $1,497.24
    First Trial Payment Due:    September 1, 2017

**IT IS ORDERED** that the Chapter 13 Trustee shall disburse Trial Payments to debtor's Mortgage Creditor in the amount of $1,497.24 as follows:

1. <u>Trial payment due September 1, 2017</u> The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

2. <u>Trial payment due October 1, 2017</u> The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before

the due date indicated.

3. <u>Trial payment due  November 1, 2017</u>    The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

**THE TRUSTEE'S DISBURSEMENTS SHALL MADE PAYABLE TO FAY SERVICING LLC, AND SHALL BE MAILED TO THE CREDITOR AT THE FOLLOWING ADDRESS ATTN: LOSS MITIGATION, 440 S. LASALLE ST, STE. 2000, CHICAGO, IL 60605**

**IT IS ORDERED that the** Chapter 13 Trustee is authorized to continue payments to the Creditor in the amount of the Trial Payment consistent with the terms provided in the attached Loan Modification Agreement (See EXHIBIT) until further order of the court. In the event the final modification is denied or the terms altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

**IT IS ORDERED** that within 28 days of the last payment under the trial modification, the debtor must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

**IT IS ORDERED** that if the Loan Modification is made permanent, the creditor is to either file amendments to the creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the creditor does not file the amendments, the debtor shall a modification of the plan addressing the modifications of the claim consistent with the terms of the final loan modification

**IT IS ORDERED** that within 7 days of the entry of this order, debtor's counsel shall serve a copy of the order on the Mortgage Creditor and their attorney of record. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's Proof of Claim and any other address where the creditor has specifically requested notice.

Stipulated and approved for entry:

| /s/Carl L. Bekofske | /s/ Caralyce M. Lassner |
|---|---|
| Carl L. Bekofske (P10645) | Caralyce M. Lassner (P59245) |
| Chapter 13 Trustee | Attorney for Debtor |
| 400 N. Saginaw St., Ste. 331 | 2425 S. Linden Rd. |
| Flint, MI 48502 | Ste. C |
| (810)238-4675 | Flint, MI 48532 |
| ecf@flint13.com | (810) 720-4333 |
|  | george@bklawoffice.com |

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:  Case No. 16-31149
 Chapter 13
Shawn Patrick McDonough Hon. Daniel S. Opperman
Kristina Early McDonough

 Debtor.
_____/

## CORRECTED EX-PARTE ORDER FOR LOAN MODIFICATION WITH FAY SERVICING AND FOR CHAPTER 13 TRUSTEE TO MAKE THE PAYMENTS

UPON Stipulation of the Debtors, their attorney and the Chapter 13 Trustee, and the Court being fully advised of the said premises. The proposed modification is a three (3) month trial offer whose trial payment period expires November 1, 2017.

**IT IS ORDERED** that the Chapter 13 Trustee shall disburse Trial Payments to debtor's Mortgage Creditor in the amount of $1,497.24 as follows:

> 4. Trial payment due September 1, 2017    The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
> 5.    Trial payment due October 1, 2017 The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
> 6.    Trial payment due November 1, 2017  The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

**THE TRUSTEE'S DISBURSEMENTS SHALL MADE PAYABLE TO FAY SERVICING LLC, AND SHALL BE MAILED TO THE CREDITOR AT THE FOLLOWING ADDRESS ATTN: LOSS MITIGATION, 440 S. LASALLE ST, STE. 2000, CHICAGO, IL 60605**

**IT IS ORDERED that the** Chapter 13 Trustee is authorized to continue payments to the Creditor in the amount of the Trial Payment consistent with the terms provided in the attached Loan Modification Agreement (See EXHIBIT) until further order of the court. In the event the final modification is denied or the terms altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

**IT IS ORDERED** that within 28 days of the last payment under the trial modification, the

debtor must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

**IT IS ORDERED** that if the Loan Modification is made permanent, the creditor is to either file amendments to the creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the creditor does not file the amendments, the debtor shall a modification of the plan addressing the modifications of the claim consistent with the terms of the final loan modification

**IT IS ORDERED** that within 7 days of the entry of this order, debtor's counsel shall serve a copy of the order on the Mortgage Creditor and their attorney of record. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's Proof of Claim and any other address where the creditor has specifically requested notice.



August 4, 2017

KRISTINA MCDONOUGH
SHAWN MCDONOUGH
PO BOX 374
COHOCTAH, MI 48816

Account Number: 61661
Property Address:
1891W COHOCTAH 374
COHOCTAH, MI 48816

Dear Homeowner(s):

Thank you for contacting us about your mortgage. We have determined that your Loss Mitigation Application is complete. Based on a careful review of the information you provided to us, we are offering you an opportunity to enter into a Trial Period Plan under the Fay Servicing Modification Program (Option 1) that allows you to stay in your home. This is the first step toward qualifying for more affordable mortgage payments or more manageable terms. It is important that you read this information in its entirety so that you completely understand the actions you need to take to successfully complete the Trial Period Plan to permanently modify your mortgage.

If you do not intend to retain the Property, or are unwilling or unable to pay the monthly payments listed below, you are also eligble to pursue a Fay Servicing Deed-in-Lieu of Foreclosure (Option 2). See Attachment B for details.

**Option 1**
To Accept This Trial Period Plan Offer
You must contact us at (800) 495-7166 or in writing at Fay Servicing, LLC, 440 S. LaSalle St., Ste. 2000, Chicago, IL 60605, ATTN: Loss Mitigation, no later than August 18, 2017 to indicate your intent to accept this offer. In addition, you must make your first Trial Period Plan payment by September 1, 2017.

TIME IS OF THE ESSENCE
If you fail to make the first Trial Period Plan payment by September 1, 2017 and we do not receive the payment by the last day of the month in which it is due, this offer will be revoked and we may refer your loan to foreclosure, or if your loan has been referred to foreclosure, foreclosure proceedings may continue and a foreclosure sale may occur.

Make Trial Period Payments
To successfully complete the Trial Period Plan, you must make the Trial Period Plan payments below.

| Payment Due | Payment Amount |
|---|---|
| September 1, 2017 | $1,497.24 |
| October 1, 2017 | $1,497.24 |
| November 1, 2017 | $1,497.24 |

Please send your Trial Period Plan payments to:

Fay Servicing, LLC
440 S. LaSalle St., Ste. 2000
Chicago, IL 60605
ATTN: Loss Mitigation

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. Call today: 1-800-495-7166. NMLS ID #88244.

EXHIBIT

**Next Steps**
- It is important that you thoroughly review the Additional Trial Period Plan Information and Legal Notices attached.

**This trial offer is contingent on the following:**
- Your having provided accurate and complete information.
- You must ensure the title to your property is without other encumbrances that prohibit a modification and title must otherwise be clear and marketable, as applicable. For example, if there is another lien on your property, the lienholder must agree to subordinate the lien.
- We must receive each payment in the month in which it is due.

- Once you have successfully made each of the payments above by their due dates, you have submitted two signed copies of your modification agreement, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of your modification agreement.

- If you miss a payment or do not fulfill any other terms of your Trial Period Plan, this offer will end and your mortgage loan will not be modified. Additionally, we reserve the right to revoke this offer or terminate the plan following your acceptance if we learn of information that would make you ineligible for the Trial Period Plan.

**Approximate Terms of the Modification**

| Interest Rate: | 5.750% | Interest Bearing Balance: | $210,290.36 |
|---|---|---|---|
| Principal & Interest: | $1,120.67 | Principal Forbearance: | $.00 |
| Taxes & Insurance: | $347.60 | Principal Forgiveness: | $.00 |
| Escrow Shortage: | $28.97 | Amortization Term: | 480 |
| PITI: | $1,497.24 | Maturity Term: | 447 |
| Mod Effective Date: | 12/1/2017 | Potential Balloon: | $34,037.78 |

- Please note that except for your monthly mortgage payment amount during the Trial Period Plan, the terms of your existing note and all mortgage requirements remain in effect and unchanged during the Trial Period Plan.

**Additional Trial Period Plan Information and Legal Notices**
**Any pending foreclosure action or proceedings will remain suspended during the trial period, provided you are complying with the terms of the trial period plan:**

- Any pending foreclosure action or proceeding that has been suspended may be resumed if you fail to comply with the terms of the plan or no longer qualify for a permanent loan modification.

- You agree that we will hold the Trial Period Plan payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment. You also agree that we will not pay you interest on the amounts held in the account. If any money is left in this account at the end of the Trial Period Plan and you qualify for a permanent loan modification, those funds will be deducted from amounts that would otherwise be added to your modified principal balance.

- Our acceptance and posting of your payment during the Trial Period Plan will not be deemed a waiver of the acceleration of your loan and related activities, including the right to resume or continue foreclosure if you fail to comply with the terms of the plan, and shall not constitute a cure of your mortgage default unless such payments are sufficient to completely cure the default.

**If your monthly payment did not include escrows for taxes and insurance, you may now be required to do so:**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree that we may establish an escrow account and that you will pay required escrows into that account, unless prohibited by applicable law.

- If you have received a chapter 7 bankruptcy discharge, we agree that, due to the discharge you received in a Chapter 7 bankruptcy proceeding subsequent to the execution of your loan documents, you will not have personal liability on the debt pursuant to this Trial Period Plan.

2

**Your current loan documents remain in effect; however, you may make the Trial Period Plan payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

- We will continue to report the delinquency status of your loan to credit reporting agencies as well as your entry into a Trial Period Plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements. Credit scoring companies generally may consider the entry into a plan with reduced payments as an increased credit risk. As a result, entering into a Trial Period Plan may adversely affect your credit score, particularly if you are current on your mortgage or otherwise have a good credit score.

3

Additional Information and Legal Notices

**Federally Declared Disaster Area:**
If you are in a Federally Declared Disaster Area, you may have up to 120 days after the disaster area was designated by the federal government to appeal the decision that your loan is not eligible for the program(s). If you believe that you may be in a Federally Declared Disaster Area, please call us at (800) 495-7166.

**Federal ECOA Notice:**
Fay Servicing, LLC is required by law to inform you that the Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applications on the basis of race, color, religion, national origin; sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street N.W., Washington, DC 20552.

Our credit decision was based in whole or in part on information compiled from reports obtained from one or more of the three consumer reporting agencies listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. These reporting agencies played no part in our decision and are unable to supply specific reasons we have denied credit to you. You have a right to receive a free copy of your report from these reporting agencies, if you request it no later than 60 days after you receive this notice. In addition, if you find that information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the applicable reporting agency by contacting that agency at the number provided below:

| | |
|---|---|
| Equifax: | PO Box 740241 Atlanta, GA 30374-0242 (800) 685-1111 |
| Experian: | PO Box 9701 Allen, TX 75013-9701 (888) 397-3742 |
| TransUnion: | PO Box 2000 Chester, PA 19022-2000 (800) 916-8800 |

**Homeownership Counseling Services:**
Homeownership counseling is available through a variety of nonprofit organizations experienced in homeownership counseling and approved by the Secretary of Housing and Urban Development (HUD). A listing of such organizations may be obtained by calling the HOPE Hotline Number: (888) 995-HOPE. This hotline can help with questions about the program and offers access to free HUD-certified counseling services in a variety of languages.

**Right to Appeal**
You have the right to appeal our decision. If you would like to appeal, you must contact us in writing at the address provided below, no later than 14 days from the date of this notice, and state that you are requesting an appeal of our decision. You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires 30 days from the date of this notice. Any appeal requests or documentation received after 30 days from the date of this notice may not be considered.

Fay Servicing, LLC
440 S. LaSalle St., Ste. 2000
Chicago, IL 60605
ATTN: Appeals

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to accept this offer until resolution of the appeal. If we determine on appeal that you are eligible for another loss mitigation program, we will send you an offer for that program. In that case, you will be given 14 calendar days from the date of the appeal decision to choose to accept the current offer or indicate your intent to accept the new offer.

If you wait to make your past due payments until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest, and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage loan during the appeal, and will be added to the total amount due to bring your loan current.

**Attachment A**

Based on our review of your financial circumstances, the following are programs for which you were reviewed for eligibility or were not reviewed for due to a more appropriate option being offered:

**Fay Servicing Modification:**
You were approved for this program.

**Fay Servicing Deed-in-Lieu:**
You were deemed eligible for this program.

<u>**Space Below Intentionally Left Blank**</u>

Option 2- Attachment B

Based on a review of the information you provided, you have been determined conditionally eligible to participate in the deed-in-lieu of foreclosure (DIL) program. With a DIL, you voluntarily transfer ownership of the Property to the owner of your loan to satisfy your mortgage debt.

## To Participate in the Deed-in-Lieu Program

You must contact us at (800) 495-7166 or in writing at the address provided below by no later than **August 18, 2017** to indicate your intent to pursue a DIL. If you contact us by **August 18, 2017** to indicate your intent to pursue a DIL, we will not refer your loan to foreclosure, or if your loan has been referred to foreclosure, we will suspend the next legal action in the foreclosure proceedings. If you do not respond by **August 18, 2017**, please be advised that any pending foreclosure action or proceedings may be resumed and a foreclosure sale may occur.

Mail:
Fay Servicing, LLC
440 South LaSalle St., Ste. 2000
Chicago, IL 60605
ATTN: Loss Mitigation

If you contact us by **August 18, 2017** to indicate your intent to pursue a DIL, you will have until **December 2, 2017** to complete a DIL for the Property. During that time, if you meet the requirements defined in the *Deed-in-Lieu Program Requirements* section below, Fay Servicing, LLC will not refer your loan to foreclosure, or if your loan has been referred to foreclosure, we will suspend the foreclosure action or proceedings. If you have not completed a DIL for the Property by **December 2, 2017** or you otherwise fail to meet the requirements of the DIL program as described in this notice, please be advised that any pending foreclosure action or proceedings may continue and a foreclosure sale may occur.

## Deed-in-Lieu Program Requirements

1. **Facilitate an Interior BPO of the Property.** If an interior BPO of the Property has not yet been completed or was completed more than 90 days ago, you must cooperate with our vendor to complete an interior BPO of the Property within 14 days of the date you provide timely notice of your intent to pursue a DIL, so we may establish the Property's condition and value.

2. **Clear Title.** You must be able to provide the owner of your loan with clear and marketable title to the Property. If you have other loans, judgments, or liens secured by the Property, you must pay them in full or negotiate with the lien holders to release the liens within 30 days after we inform you that liens or encumbrances have been identified through a title report.

3. **Property Maintenance and Expenses.** You are responsible for all property maintenance and expenses of your Property until you convey it to the owner of your loan, including utilities, assessments, association dues, and costs for interior and exterior maintenance. Additionally, you must report any and all property damage to us and file a hazard insurance claim for covered damage. Unless insurance proceeds are used to pay for repairs or personal property losses, we may require that they be applied to reduce the mortgage debt.

4. **Relocation Assistance.** If you comply with the requirements outlined in this paragragh 4, you will receive relocation assistance in the amount of $5,000.00. You will be required to certify under penalty of perjury at closing that the Property is occupied as a principal residence by either yourself or a tenant.

   Upon your compliance with the requirements of the DIL program, we will disburse the relocation assistance in the timeframe set forth in your Deed-in-Lieu Agreement. Only one payment per household is provided for the relocation assistance, regardless of the number of occupants.

5. **Suspension of Foreclosure.** Provided you continue to meet all of the terms and conditions of the DIL program, we will continue to suspend any pending foreclosure action or proceedings until **December 2, 2017**. If you have not completed a DIL for the Property by December 2, 2017, or you otherwise fail to meet the requirements of the DIL program, please be advised that any foreclosure action or proceeding that was suspended following our receipt of your request may be resumed and a foreclosure sale may occur.

6

6. **Satisfaction and Release of Liability.** Provided you meet all of the terms and conditions of the DIL program, upon conveyance of your Property to the owner of the loan by general warranty deed or the equivalent in the state where the Property is located, we will prepare and record a lien release in full satisfaction of the mortgage, foregoing all rights to pursue a deficiency.

7. **Mortgage Insurer or Guarantor Approval.** The terms and conditions of the DIL transaction are subject to the written approval of the mortgage insurer or guarantor, if applicable.

8. **Hardship Affidavit.** If you have not already, you must complete, sign, and return a Hardship Affidavit Form when you submit your signed Deed-in-Lieu Agreement for the Property. The Hardship Affidavit Form is your official certification of the financial hardship you have experienced and your compliance with Section 1481 of the Dodd-Frank Wall Street Reform and Consumer Protection Act. (Please contact your Account Manager if you need assistance with the Hardship Affidavit Form.)

9. **Termination of Our Responsibilities.** We may terminate our responsibilities as described in this notice at any time if:
    a. Your financial situation improves significantly, you qualify for a loan modification, you bring the account current, or you pay off the mortgage in full;
    b. You fail to act in good faith with the terms of the DIL program;
    c. A significant change occurs to the Property's condition or value;
    d. There is evidence of fraud or misrepresentation;
    e. You file for bankruptcy and the Bankruptcy Court declines to approve the DIL transaction;
    f. Litigation is initiated or threatened that could affect title to the Property or interfere with a valid DIL transaction;
    g. You fail to return a Hardship Affidavit Form signed by all borrowers; or
    h. You or your tenant, if applicable, fail to make the Property available for inspection or leave the Property in broom-swept condition.

10. **Settlement of a Debt.** The proposed DIL transaction represents our attempt to reach a settlement of the delinquent mortgage. There is no guarantee that the transaction will be successful. In the event this transaction is unsuccessful, we may exercise our remedies under the mortgage, including foreclosure.

11. **Possible Income Tax Considerations.** The difference between the remaining amount of principal you owe and the current market value of the Property must be reported to the Internal Revenue Service (IRS) on Form 1099C as debt forgiveness. In some cases, debt forgiveness could be taxes as income. The amount we pay you for relocation assistance, if applicable, may also be reported as income. We suggest that you contact the IRS or your tax preparer to determine if you may have any tax liability.

12. **Credit Bureau Reporting.** We will follow standard industry practice and report to the major credit reporting agencies that your mortgage was settled for less than the full payment. We have no control over, or responsibility for, the impact of this report on your credit score. To learn more about the potential impact of a deed-in-lieu on your credit, you may want to visit the FTC website – www.ftc.gov Consumer Information – Credit Scores.

**If you have any questions about this notice, please contact us at (800) 495-7166, or contact your Account Manager, Riley Mackowiak directly at (312) 374-5960. Our office hours are Monday – Thursday 8am – 9pm, Friday 8:30am – 5pm, and Saturday 10am – 4pm, CST.**

For a complete list of programs for which you were reviewed for eligibility or were not reviewed for due to a more appropriate option being offered, see Attachment A.

Sincerely,

Fay Servicing, LLC